IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Jareca Talena Sumter, *in her official capacity as Executrix of the Kareca Talena Sumter Ecclesiastical Estate Trust, Ambassador Plenipotentiary, Mother of the Minor Beneficiary*, | ) ) ) ) ) ) | C/A No. 3:25-6982-MGL-PJG |
| Plaintiff, | ) ) ) | **ORDER AND REPORT AND RECOMMENDATION** |
| v. | ) ) | |
| Amanda F. Whittle, *in her official capacity, Family Court Judge*; O. Perez, *in his official and private capacity, Attorney for the Solicitor*; Clerk of the Family Court, *in her official capacity as Custodian of Records and Trustee of Judicial Instruments*; Unknown Parties, *to be added as discovery proceeds, including agents and officers operating against trust interest*, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff Jareca Talena Sumter, proceeding *pro se*, brings this civil action seeking injunctive and declaratory relief related to her son's state criminal prosecution. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for initial review pursuant to 28 U.S.C. § 1915.[1]

---

[1] Plaintiff submitted an Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO240), which the court construed as a motion for leave to proceed *in forma pauperis*. See 28 U.S.C. § 1915. (ECF No. 13.) A review of the motion reveals that Plaintiff should be relieved of the obligation to prepay the full filing fee. Therefore, Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Plaintiff's previous motion for leave to proceed *in forma pauperis* is terminated as moot. (ECF No. 2.)

I.   **Failure to Prosecute and Failure to Comply with a Court Order**

Plaintiff purports to bring this action in her official capacity as executrix of the Kareca Talena Sumter Ecclesiastical Estate Trust and as "mother of the minor beneficiary." (ECF No. 1 at 1.) On August 27, 2025, the court issued an order informing Plaintiff that she cannot proceed on behalf of a trust or her son *pro se* and granting Plaintiff thirty-five days to obtain counsel. (ECF No. 19.) The order warned Plaintiff that her failure to comply with the order within the time permitted would subject her case to dismissal for failure to prosecute and for failure to comply with an order of the court under Rule 41 of the Federal Rules of Civil Procedure. Plaintiff did not respond to the court's order and the deadline to do so has passed.

Consequently, this matter should be summarily dismissed for Plaintiff's failure to comply with a court order and failure to prosecute. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). A court may also *sua sponte* dismiss a case for lack of prosecution under Federal Rule of Civil Procedure 41(b). Id. at 630. Moreover, "[t]he Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (citing Federal Rule of Civil Procedure 41(b)).

Here, Plaintiff's failure to comply with the court's order justifies dismissal of this action because the court's August 27, 2025 order warned Plaintiff in bold lettering that this case would be dismissed if she failed to follow the court's instructions. See Ballard, 882 F.2d at 96; see also Lutfi v. Training Etc, Inc., 787 F. App'x 190, 191 (4th Cir. 2019) ("Where a litigant has ignored

an express warning that noncompliance with a court order will result in dismissal, the district court should dismiss the case."). Because the court recommends dismissal of this matter prior to authorizing the issuance of the summons and service of process, the matter should be dismissed *without* prejudice. See Lutfi, 787 F. App'x at 191 (finding the district court did not abuse its discretion by dismissing a *pro se* litigant's complaint without prejudice where the litigant failed to comply with the court's order, noting the litigant could refile the action).

II.     **Summary Dismissal on the Merits**

This case is also subject to summary dismissal for lack of jurisdiction and because it is legally frivolous. In her Complaint, Plaintiff challenges the South Carolina Family Court's jurisdiction over her minor son, who appears to have three juvenile charges. Plaintiff alleges that her son is property of her registered trust and that the defendants have failed to recognize her demand for settlement. Plaintiff alleges breach of trust, fiduciary malfeasance, conversion and trespass upon trust property, and violation of due process and ecclesiastical standing. She seeks: (1) a permanent injunction transferring all jurisdiction over her son to this court, (2) a binding declaration recognizing her legal and ecclesiastical authority over "the minor trust res," (3) release of her son to her, (4) a complete accounting and disclosure of all finances related to the criminal cases against her son, (5) a formal cease and desist order barring anyone affiliated with the family court from detaining or prosecuting her son, (6) an order that her son's electronic monitoring devices be immediately removed, and (7) recognition that all charges against her son "arise from commercial activity" and are therefore subject to discharge under UCC §§ 3-603, 305. (ECF No. 1 at 3.)

1.     **Lack of Jurisdiction**

The instant case is subject to summary dismissal because Plaintiff fails to demonstrate that the court has subject matter jurisdiction in this case.  Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998).  Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Id. at 352; see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure.  Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999).

There is no presumption that a federal court has jurisdiction over a case, Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his pleadings.  McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); see also Dracos v. Hellenic Lines, Ltd., 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court.").  To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]"

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question" under 28 U.S.C. § 1331 , and (2) "diversity of citizenship" pursuant to 28 U.S.C. § 1332.  As discussed below, the allegations contained in Plaintiff's Complaint do not fall within the scope of either of these forms of this court's limited jurisdiction.  And no other basis for federal jurisdiction is apparent from the Complaint.

First, federal question jurisdiction requires the plaintiff to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Plaintiff alleges the court has federal question jurisdiction "because the matters involve fundamental rights, commercial instruments regulated by the federal government, and violations of trust law." (ECF No. 1 at 1.)  Plaintiff's conclusory statement without supporting facts or citation to specific legal precedent establishing a cause of action she seeks to pursue fails to adequately establish federal question jurisdiction under Rule 8.  See Burgess v. Charlottesville Sav. & Loan Ass'n, 477 F.2d 40, 43-44 (4th Cir. 1973) ("[T]he mere assertion in a pleading that the case is one involving the construction or application of the federal laws does not authorize the District Court to entertain the suit[,] nor does federal jurisdiction attach on the bare assertion that a federal right or law has been infringed or violated or that the suit takes its origin in the laws of the United States.") (internal citations and quotation marks omitted).

Plaintiff further asserts that the court "has original equity jurisdiction per 28 U.S.C. § 2201 (Declaratory Judgments) and Rule 65, Fed. R. Civ. P., governing injunctive relief." (Id.)  A federal court lacks jurisdiction of a declaratory judgment action "if, but for the availability of the declaratory judgment procedure, the federal claim would arise only as a defense to a state created action." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 16 (1983).  In such a case, "it is the character of the threatened action, and not of the defense, which will determine whether there is federal question jurisdiction." Pub. Serv. Comm'n v. Wycoff, 344 U.S. 237, 248 (1952).  Here, Plaintiff seeks a declaration that she has "legal and ecclesiastical authority over" her son as property of a trust and thus that the criminal charges against him are a form of commercial activity that would be subject to discharge under Uniform Commercial Code ("UCC") sections 3-603 and 3-305.  Setting aside the recognized frivolousness of this legal theory, which is

addressed in more detail below, Plaintiff's alleged declaratory relief arises only as a defense to the defendants' state criminal action toward Plaintiff's son, not as an independent affirmative federal claim against the defendants and thus cannot confer federal jurisdiction. See Shore Bank v. Harvard, 934 F. Supp. 2d 827, 835-36 (E.D. Va. 2013) (finding no federal jurisdiction in declaratory judgment action where plaintiff's federal claim arose only as a defense to the defendant's state action).

Finally, Plaintiff references violations of various sections of the Uniform Commercial Code ("UCC"). (Id.) "[T]he UCC is not a federal law or any other binding statutory body whatsoever; it is an aggregated statutory model, whose provisions may be codified by individual states and does not provide a basis for this Court's jurisdiction in this action." Moss v. Stanley, C/A No. 8:20-3194-DCC, 2020 WL 6111002, at *2 (D.S.C. Oct. 16, 2020). Therefore, federal question jurisdiction does not exist in this case.

Second, the diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 nn. 13-16 (1978). Here, Plaintiff has not pled diversity jurisdiction. However, it is apparent from the face of the Complaint that both Plaintiff and the three identified defendants are residents of South Carolina. In the absence of diversity of citizenship, the amount in controversy is irrelevant.

### 2.    Legal Frivolousness

Alternatively, this case should be summarily dismissed as legally frivolous. Although Plaintiff does not use these terms, her underlying rationale appears to stem from the "redemption" theory commonly associated with the sovereign citizen movement. See generally Bryant v.

Washington Mut. Bank, 524 F. Supp. 2d 753, 757-60 (W.D. Va. 2007), aff'd 282 F. App'x. 260 (4th Cir. 2008) (explaining the redemption theory).  This theory has been unsuccessfully advanced throughout the country by individuals seeking to avoid debt repayment.  See Vachon v. Reverse Mort. Sol., Inc., C/A No. EDCV 16-02419-DMG (KES), 2017 WL 6628103, at *4-6 (C.D. Ca. Aug. 11, 2017) (explaining that the redemption theory has been "dismissed as patently frivolous by courts . . . across the country" and collecting cases).  As Plaintiff's claim is based on the same untenable legal theory, it is legally frivolous and should be summarily dismissed.  See Denton v. Hernandez, 504 U.S. 25, 31 (1992) (providing that a claim is frivolous if "it lacks an arguable basis either in law or in fact") (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)); Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 452-53 (4th Cir. 2012) (finding that where the alleged federal claim is "so insubstantial, implausible, foreclosed by prior decisions of [the United States Supreme Court], or otherwise completely devoid of merit as not to involve a federal controversy," subject matter jurisdiction does not exist over that claim) (citing Steel Company v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998)).

### III.    Plaintiff's Motions

Also before the court are Plaintiff's motions to change venue and cease proceedings (ECF No. 3) and motion for joinder of parties (ECF No. 15).  Plaintiff moves to change the venue of her son's legal matters to this court and to have the United States and the State of South Carolina joined as indispensable parties.  As the court lacks jurisdiction over this matter, Plaintiff's motions are denied.

## IV.   Conclusion

For the foregoing reasons, it is recommended that this action be summarily dismissed without prejudice.

October 8, 2025  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).